IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VICTOR LEE ADAMS and ) | |
| JESSE JAMES ADAMS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 23-1270-EFM-BGS |
| ) | |
| STACI LEAN FRUTH and ) | |
| SKIP O'DELL ADAMS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**SHOW CAUSE ORDER**

Plaintiffs filed their federal court Complaint alleging diversity jurisdiction in case alleging violations of a trust consisting of real and personal property. (Doc. 1.) Therein, Plaintiffs allege they are "residents" of the State of Kansas while Defendants are alleged to be "residents" of Minnesota and Texas. (*Id.*, at 1.) In this instance, Plaintiffs have failed to allege facts sufficient to allow the Court to confirm whether diversity of citizenship exists because, for purposes of diversity jurisdiction, a party is only a citizen of the state or foreign state where he or she is *domiciled*, not where they reside. *PHH Mortgage Corp. v. Joseph Stuber, et al.*, 23-1123-DDC-TJJ, 2023 WL 4999153, *2 (D. Kan. 2023) (citation omitted).

It is the independent obligation of the Court to determine that subject matter jurisdiction is proper and that the court "do[es] not exceed the scope of [its] jurisdiction … ." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011). As such, this Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Id.* (citation omitted). If it becomes apparent that jurisdiction does not exist, the Court, on its own, "must dismiss the cause at any stage of the proceedings … ." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); Fed.R.Civ.P. 12(h)(3).

Pursuant to 28 U.S.C.A. §1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

"Diversity jurisdiction requires complete diversity – no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Simply stated, diversity is absent when citizens of the same state are on both sides of the case.

As stated above, the Complaint alleges where the parties are "residents." (*See* Doc. 1, at 1.) "A person's residence is not the equivalent of his or her domicile and it is a person's domicile that is relevant for determining citizenship." *PHH Mortgage Corp.*, 2023 WL 4999153, at *2. The information Plaintiffs have provided about themselves and Defendants is insufficient to allow the Court to make a determination regarding diversity jurisdiction.

**IT IS THEREFORE ORDERED** that by **January 16, 2024**, Plaintiffs shall file a status report, with affidavits attached, properly alleging, demonstrating, and showing cause why the undersigned Magistrate Judge should not recommend to the District Court that the case be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 2nd day of January 2024, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
U.S. MAGISTRATE JUDGE