UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VICTOR LEE ADAMS, *et al.*,

    Plaintiffs,

v.

STACI LEAN FRUTH, *et al.*,

    Defendants.

Case No. 23-1270-EFM-BGS

### ORDER ON MOTION TO SUBSTITUTE

Now before the Court is Plaintiff's Motion to Substitute (Doc. 95), in which Jayme Lewis as the Administrator of the Estate of the decedent Plaintiff Victor Lee Adams (hereinafter "Administrator") requests the Court substitute the Estate of Victor Lee Adams as Plaintiff in this action. Defendants have responded in opposition to the motion. (Doc. 96.) For the reasons set forth herein, the Administrator's motion is **GRANTED**.

### FACTUAL BACKGROUND

This action was filed December 21, 2023 by Plaintiffs Victor Lee Adams and his son, Jesse James Adams, as an action for breach of fiduciary duty against Defendant co-trustees, Staci Fruth and Skip Adams, (Doc. 1); the named parties are all family members. The lawsuit requires an interpretation of the relevant Trust provisions and includes claims for accounting, damages, and seeks removal of co-trustees. Defendants generally deny the claims of breach of duty or any related wrongdoing.

Defendants previously raised the issue of the competency of Plaintiff Victor Adams and on April 26, 2024, filed an amended complaint adding Jayme Lewis, as next friend to Victor Adams, as plaintiff. A state court proceeding was initiated to address the issue of competency which

contributed to significant delays in the underlying case. On October 11, 2025, Victor Lee Adams passed away. A , Suggestion of Death was filed October 21, 2025, wherein Plaintiffs noted that they would "promptly undertake the necessary action to have the appropriate representative appointed and substituted pursuant to Rule 25(b)." (Doc. 86.)

On November 12, 2025, a petition to open an estate and appoint an administrator was filed in Woodson County, Kansas. In the present action, the parties submitted a joint status report to the Court on December 19, 2025, in which they indicated a Woodson County petition for the appointment of an administrator was pending, with a hearing on the petition scheduled for January 14, 2026. (Doc. 96, at 1.) The status report included acknowledgement of the deadline to move to substitute by January 19, 2026. (Doc. 96-1.) This 90-day deadline to substitute is set by Fed. R. Civ. P. 25(a). The Administrator concedes that this deadline expired on January 19, 2026. (Doc. 95, at 2.) No request was made to extend this deadline.

The resulting Woodson County hearing occurred on January 14, 2026, wherein the petition was granted naming Jayme Lewis As Administrator of the Estate of Victor Lee Adams. On January 20, 2026, letters of administration were issued by the Probate Court.

It is undisputed that the Administrator did not file the present motion to substitute until January 26, 2026, or one week after the Rule 25 deadline. (Doc. 95.) Therein, the Administrator asks that he be substituted as Plaintiff and the caption of this action be amended to identify Plaintiffs as "ESTATE OF VICTOR LEE ADAMS through its administrator JAYME LEWIS and JESSE JAMES ADAMS." (*Id.*, at 2.) Defendants filed a response in opposition and subsequently filed a motion to dismiss, arguing that the case should be dismissed because the motion to substitute was not timely filed and no extension to the deadline was requested. (Docs. 96 and 97.)

**ANALYSIS**

If a party to a federal court action dies during pendency of that action, the procedure by which a proper party may be substituted for the decedent is governed by Federal Rule of Civil Procedure 25(a). Rule 25(a) requires both that a party has died and that the claim survives the decedent. 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §§ 1952, 1954 (3d ed. 2007) (stating that Rule 25 is procedural; "[i]t does not provide for the survival of rights or liabilities but merely describes the method by which the original action may proceed if the right of action survives."). These requirements are not at issue between the parties.

Assuming all prerequisites are met, substitution may be allowed:

> (1) If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. **If the motion is not made within 90 days after service of a statement noting death, the action by or against the decedent must be dismissed**....
>
> (3) A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a) (emphasis added). The 90-day deadline is triggered by service of the statement of death, which is not disputed herein.

"Even though Rule 25(a) states that an action 'must be dismissed' if the parties fail to move for substitution within 90 days, the Advisory Committee has made Rule 25 subject to Rule 6, permitting the court to enlarge the period in appropriate circumstances." *Sloan v. Overton*, No. 08-2571-JAR-DJW, 2010 WL 398108, *3 (D. Kan. Jan. 25, 2010) (citations omitted). Thus, "[d]ismissal is no longer automatic after 90 days." *Id.* Rather, "[w]hether an action should be dismissed for failure to comply with the 90 day time limit lies within the sound discretion of the district court." *Kasting v. American Family Mut. Ins. Co.*, 196 F.R.D. 595, 601 (D. Kan. 2000) (citing Fed.R.Civ.P. 25(a)(1) advisory committee's 1963 note; *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir.1966)).

In determining whether to dismiss an action for failure to substitute, a court must consider the "underlying purpose" of Rule 25(a)(1), which is "to allow flexibility in substitution," and to achieve this purpose, "the rule should be liberally interpreted." *Id.* (citations omitted). Thus, a court may enlarge the 90-day period "for good cause" "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). The Court construes the Administrator's motion to substitute as including a request to enlarge time pursuant to Rule 6(b)(1)(B).

The party moving after expiration of the deadline has the burden "to establish that the failure to act timely was the result of excusable neglect." *Kasting*, 196 F.R.D at 601 (citations omitted). The court should consider the following factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Schupper v. Edie*, 193 F. App'x 744, 746 (10th Cir.2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).

The concept of excusable neglect is "elastic" and "not limited strictly to omissions caused by circumstances beyond the control of the movant." *Kasting*, 196 F.R.D at 602; *Coleman v. Blue Cross Blue Shield of Kan.*, 487 F.Supp.2d 1225, 1234 (D.Kan.2007). "A discretionary extension should be liberally granted absent a showing of bad faith on the part of the movant for substitution or undue prejudice to other parties to the action." *United States v. Miller Brothers Construction Co.*, 505 F.2d 1031 (10th Cir. 1974).

In the present matter, the Administrator argues that even though the deadline has expired, the minor delay in bringing the motion to substitute should be granted because the delay was not unreasonable, and doing so would promote judicial economy. (Doc. 95, at 2.) The Administrator

4

asserts that the present motion "was scheduled/calendar to be filed January 16, 2026," but it "appears that because of a delay in confirmation and issuance of the Letters of Administration, the motion was not filed before January 19, 2026." (Doc. 98, at 2.)  The Administrator continues that "[u]pon notice from the Court and determination that the motion had not been filed, the motion was promptly filed."  (*Id*.)

In *Unzueta v. Steele*, District Judge Rogers was faced with a similar situation.[1]  Therein, the District Court held that "[w]hile the timing of the motion for substitution may be legitimately criticized, the court does not believe the motion should be denied on that basis.  The purpose of Fed. R. Civ. P. 17 does not appear threatened under the facts of this case."  291 F. Supp. 1230, 1233 (D. Kan. 2003) (citation omitted).  The "function of Rule 17(a) 'is to protect defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.'"  *Scheufler v. General Hosp. Corp.*, 126 F. 3d 1261, 1270 (10th Cir. 1997) (citing Rule 17(a) Advisory Committee Notes (1966)).

As in both *Scheufler* and *Unzueta*, where untimely substitution was allowed, in the present case "the failure to move sooner for substitution appears to be a result of a mistake … ."  *Unzueta*, 291 F. Supp. at 1234.  As stated above, while Plaintiff did not specifically file a separate Rule 6(b) motion to enlarge time, the Court finds the present motion to substitute and reply thereto include sufficient facts to establish the requisite "excusable neglect" to warrant an enlargement of time under Rule 6(b).  *See Sloan*, 2010 WL 398108, at *7.  Furthermore, Defendants have "not alleged that [they] would be surprised or prejudiced by substitution at this time."  *Id*., at *8.  Rather, Defendants' entire

---

[1] *Unzueta* deals with Rule 17 substitution rather than Rule 25 substitution.  291 F.Supp.2d 1230 (D.Kan.2003).  While "the two rules serve different purposes," this District has held that "both rules are designed to be interpreted liberally and both rules permit for enlargement of time when it would best serve the interests of justice."  *Sloan*, 2010 WL 398108, at *8.  Thus, as in *Sloan*, the Court finds the *Unzueta* opinion to be "instructive in this case."  *Id*.

argument presented herein is that the Administrator's motion was not timely filed.  (*See generally* Doc. 96.)  Simply stated, this is an insufficient basis to deny the motion to substitute.

In *Sloan*, District Judge Robinson held that the court " 'does not encourage delays in filing motions for substitution or motions for enlargement of time pursuant to Rules 6(b) and 25(a), and departure from the Federal Rules of Civil Procedure will not be permitted routinely.' "  *Id.* (quoting *Tatterson v. Koppers Co.*, 104 F.R.D. 19, 20 (W.D. Pa. 1984) (citation omitted)).  That stated,

> 'the history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted.'  This Court, similarly, does not encourage delays in the filing of motions for enlargement of time after the period has expired.  Although the Court is reluctant to grant an extension under Rule 6(b) when a party has not formally sought enlargement by citing Rule 6, the Court finds that the unique circumstances of this case warrant a discretionary extension of time under Rule 6(b).

*Id.* (citations omitted).

The Court finds that the Administrator has met his burden under Rule 6(b)(1)(B) – the neglect in filing the present motion was excusable, the Administrator did not act in bad faith, and Defendants will suffer no undue prejudice by substitution at this time.  The Court thus **GRANTS** the motion to substitute (Doc. 95).  The Clerk is directed to substitute Jayme Lewis, as Administrator of the Estate of Victor Lee Adams, as Plaintiff, in place of Victor Lee Adams, individual and through his next friend, Jayme Lewis.

The case caption of this case shall hereafter read: Jayme Lewis, as administrator of the Estate of Victor Lee Adams, and Jesse James Adams v. Staci Fruth and Skip O'Dell Adams.

IT IS SO ORDERED.

Dated February 20, 2026, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
U.S. Magistrate Judge