**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JESSE ADAMS, *et al.*,

             Plaintiffs,

    vs.

STACI LEAN FRUTH, *et al.*,

             Defendants.

Case No. 23-1270-EFM-BGS

**NOTICE AND ORDER GRANTING**
**MOTION TO WITHDRAW AS COUNSEL**

The matter is before the Court on the Motion to Withdraw as counsel for Jayme Lewis, Administrator of the Estate of plaintiff, Victor Lee Adams (deceased) and plaintiff Jesse James Adams filed by attorney Kevin M. McMaster.  (Doc. 105.)  Upon review of the Motion and the accompanying sworn Notice or Service (Doc. 107), the Court **GRANTS** the motion and finds as follows:

Pursuant to D. Kan. Rule 83.5.5(a), counsel's motion sets forth good cause for the withdrawal and said withdrawal is permissible under the applicable rules of professional conduct. The motion also establishes that the withdrawing attorney provided Plaintiffs with:  (i) an admonition that Plaintiffs are personally responsible for compliance with all Orders of the Court and relevant time limitations; and (ii) the dates of any pending trial, hearings, conferences, and deadlines.  (*See generally* Doc. 105.) The motion stated that counsel informed Plaintiff Jesse Adams that he should retain counsel to represent him in this matter but could proceed *pro se* while Plaintiff Jayme Lewis was informed that the rules prevent her from proceeding *pro se* on behalf of the estate and that she must retain counsel to represent her in this matter.  (*Id.*)

1

The motion indicated that counsel would provide the current mailing addresses for Plaintiffs by email to the Court.  The addresses and telephone numbers provided for Plaintiffs are as follows:

> Jayme Lewis
> 305 S. Washington St.
> Eureka, Kansas  67045
> (620) 496-6883
>
> Jesse Adams
> 911 N. Main St.
> Yates Center, Kansas  66783
> (620) 203-8142

The Court was also provided with email addresses for Plaintiffs.

A subsequently filed Notice of Service, signed by Plaintiffs' counsel under penalty of perjury, detailed counsel's continued efforts to serve Jayme Lewis and Jesse Adams with the motion.  (*See generally* Doc. 107.)  The motion was ultimately served by certified mail on Jesse Adams on April 30, 2026, with his signature acknowledging receipt of the certified letter.  (*Id.*)  On May 11, 2026, Plaintiff Jayme Lewis responded to email from counsel regarding the motion and explaining why she had not received the certified mail previously sent to her.  This Notice thus establishes that counsel served the Motion to Withdraw on Plaintiffs and indicates that Plaintiff Jayme Lewis acknowledged receipt of the Motion by electronic mail to counsel.  The Court notes that Plaintiffs did not respond to the motion to withdraw and the time to do so has expired, meaning the motion is uncontested.[1] D. Kan. Rules 6.1, 7.1.  The motion (Doc. 105) is **GRANTED** for good cause shown and as uncontested.

The Court acknowledges counsel's instruction to Plaintiffs that although Jesse Adams, as an individual, can represent himself *pro se*, the estate cannot be represented by Jayme Lewis *pro se*.  The right to appear *pro se* only applies to the "appearance for one's self."  *Draughon v. United States*, 103 F. Supp. 3d 1266, 1284 (D. Kan. 2015) (citation omitted).  "A non-attorney administrator may not

---

[1] Defendants have also failed to file a response to the motion.

proceed *pro se* when there are other beneficiaries of the estate." *Id.* (citing *Jones ex rel., Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 951–52 (8th Cir. 2005)).  Here, it is undisputed that there are other beneficiaries of the Estate.  As such, Plaintiff Jayme Lewis, Administrator of the Estate of Victor L. Adams, is again instructed that she cannot appear *pro se* on behalf of the Estate.

Considering all of the above, the Court sets this case for an in-person conference on **Thursday, June 25, 2026, at 2:00 p.m. at the U.S. Federal Courthouse, 401 N. Market, Wichita, Kansas in Courtroom 406**.  The Court instructs Plaintiffs that <u>counsel for the estate must be entered prior to that date</u>.

The Court reminds Plaintiffs that there is a pending motion for sanctions filed against them resulting from their failure to appear at the court-ordered mediation that took place on March 27, 2026.  (*See* Doc. 102.)  That motion was filed on April 7, 2026, making the deadline to respond thereto April 28, 2026.  The deadline to respond to this motion was reset by the Court for May 11, 2026, with the idea that the motion to withdraw would have been granted prior to that time which would have provided sufficient time for Plaintiffs to respond to the motion.  Because Plaintiffs did not receive notice of the motion to withdraw until April 30, 2026, and May 11, 2026, respectively, the Court will again extend response deadline to the motion for sanctions for **June 24, 2026**, the day before the in-person conference.

The Court thus **GRANTS** the Motion to Withdraw (Doc. 105) filed by Plaintiff's counsel. Plaintiff Jesse Adams is now proceeding *pro se* and is personally responsible for complying with all Orders until such time that he retains new counsel.  **The Court instructs Plaintiffs that failure by Jayme Lewis to retain counsel for the estate, Plaintiffs' failure to appear for the in-person conference, and/or Plaintiffs' failure to meaningfully participate in the case could result in a recommendation to the District Judge that the case be dismissed for failure to prosecute**.

The Clerk is directed to mail this Order to *pro se* Plaintiff Jesse Adams and update the docket accordingly to include this address and telephone number:

Jesse Adams
911 N. Main St.
Yates Center, Kansas  66783
(620) 203-8142

The clerk is further directed to mail this Order to Jayme Lewis at the following address:

Jayme Lewis
305 S. Washington St.
Eureka, Kansas  67045

**IT IS SO ORDERED**.

Dated May 27, 2026, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

4