## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JESSE ADAMS, *et al.*,

                Plaintiffs,

    vs.

STACI LEAN FRUTH, *et al.*,

                Defendants.

Case No. 23-1270-EFM-BGS

## MEMORANDUM & ORDER ON MOTION FOR SANCTIONS

The matter is before the Court on the Motion for Sanctions filed by Defendants Staci LeAn Fruth and Skip O'Dell Adams. (Doc. 102.) For the reasons set forth below, the Court **GRANTS in part** Defendants' motion because Plaintiffs' non-appearance at the court-ordered mediation was not substantially justified and there are no other existing circumstances that make an award of sanctions unjust.

## BACKGROUND

This action was filed December 21, 2023, by Plaintiffs Victor Lee Adams and his son, Jesse James Adams, as an action for breach of fiduciary duty against Defendant co-trustees, Staci Fruth and Skip Adams, (Doc. 1); the named parties are all family members. The lawsuit requires an interpretation of the relevant Trust provisions and includes claims for accounting, damages, and seeks removal of co-trustees. On February 20, 2026, the Court granted the Motion to Substitute (Doc. 95) filed by Jayme Lewis, Administrator of the Estate of the decedent Plaintiff Victor Lee Adams (hereinafter "Administrator"), which requested that the Estate of Victor Lee Adams be substituted as Plaintiff in this action. The Court's Order on that motion contains additional factual background regarding the case, which is incorporated herein by reference. (Doc. 99, at 1-2.)

1

This case has followed a winding path, but one consistent aspect has been the Court's order for the parties to participate in mediation.  The original Scheduling Order in this case included a deadline of May 24, 2024, for the parties to file a joint notice of mediation or submit confidential settlement reports to the undersigned Magistrate Judge.  (Doc. 23, at 2.)  That Scheduling Order also ordered that the parties mediate the case by June 28, 2024.  (*Id.*, at 3.)

On June 3, 2024, the undersigned Magistrate Judge entered a text Order indicating that she had reviewed the parties' confidential settlement reports.  (Doc. 48.)  The Court suspended the mediation deadline given the parties' stated settlement positions and directed the parties to provide supplemental confidential settlement reports within 30 days of the competency hearing before the District Judge.  (*Id.*)

The case was subsequently stayed on October 9, 2024, pending the related state court proceedings.  (Doc. 64.)  Following various status reports from the parties, the undersigned ultimately reset the deadline for the parties to complete mediation on or before February 27, 2026. (Doc. 89.)  On January 16, 2026, upon having been advised that the parties had engaged a private mediator and scheduled mediation, the undersigned Magistrate Judge extended the scheduling order deadline for the parties to mediate the case until March 27, 2026.  (Doc. 94, text Order.)  This extension of the mediation deadline was granted to accommodate Plaintiffs' availability.

Mediator Robert Schmisseur sent a letter to counsel for the parties on January 19, 2026, confirming mediation for 9:30 AM on Friday, March 27, 2026, at the offices of defense counsel. (Doc. 102-2.)  Therein, Schmisseur indicated his expectation that "persons with full settlement authority [will] attend" and that he should be notified if anyone needed to attend electronically.  (*Id.*) This is consistent with the requirements of D. Kan. Rule 16.3(c)(2).  On March 23, 2026, Plaintiffs' counsel emailed Schmisseur and defense counsel requesting that the mediation start at 10:30 AM on March 27, 2026, which was approved.  (Doc. 102-1, at 7; Doc. 102-3.)

2

Defendants Staci Fruth, Skip Adams, their respective spouses, and their counsel of record appeared at the agreed date, time, and location for the mediation on March 27, 2026.  Defendants and their spouses had traveled from out-of-state to attend – Defendant Staci Fruth flew from Minnesota while Defendant Skip Adams drove 18 hours round-trip from Texas.

Plaintiffs Jesse James Adams and Jayme Lewis, as Administrator of the Estate of Victor L. Adams, failed to appear for the mediation although they both reside in Kansas.  Attorney Kevin McMaster, who was previously entered as Plaintiffs' counsel (but has since withdrawn), attended the mediation.  According to Defendants, however, McMaster did not provide any explanation for his clients' failure to appear.

Defendants also indicate that attorney William Dunn of Yates Center, Kansas, appeared on behalf of Administrator Jayme Lewis.  Mr. Dunn has since entered an appearance on behalf of the Administrator (Doc. 109), although he was not entered as counsel of record at that time. Regardless, Defendants contend that Mr. Dunn did not provide an explanation as to why Ms. Lewis failed to appear at the mediation.  (Doc. 102, at 3.)

Plaintiffs' failure to appear resulted in Defendants filing a "Notice of Plaintiffs' Failure to Attend Court-Ordered Mediation" later that day.  (Doc. 101.)  The Court then set an in-person status conference for April 8, 2026.  (*See* 3/27/26 text notice.)  In that notice, the Court acknowledged the length of time this case has been pending and noted that "the Court in large part held off on entering the schedule due to the mediation that had been scheduled to occur on 3/27/26 … [.]"

Prior to the April 8th in-person status conference, Defendants filed the present motion for sanctions.  (Doc. 102.)  Therein, Defendants assert they incurred $3,715.31 in expenses for travel, lodging, and meals to attend mediation. (Doc. 102-4.)  They also assert that they incurred $6,497.50 in reasonable attorney's fees "for time spent preparing for the mediation, including drafting a

confidential mediation submission, communicating with Defendants, opposing counsel, and mediator Robert Schmisseur regarding the mediation, researching legal issues expected to be addressed at the mediation, and attending the mediation."[1] (Doc. 102, at 3.) Finally, Mr. Schmisseur has submitted a bill of $2,493.25 for his "professional time and costs in preparing for, traveling to, and attending mediation." (Doc. 102-5.) Defendants request a total award of $12,706.06 in expenses as a sanction for Plaintiffs' non-appearance. (*Id.*)

Plaintiff's then-attorney McMaster attended the April 8, 2026, in-person status conference on behalf of the Plaintiffs. He stated that he had informed his then-clients of the mediation, but became aware that one of the Plaintiffs did not intend to appear soon before the mediation; he stated that he continued to hope they would both appear.[2] McMaster also asserted that he did not know his other client would also fail to attend until he was already at the mediation.

McMaster told the Court that he had encouraged his clients to find new counsel and would be filing a motion to withdraw. The motion was filed on April 13, 2026. (Doc. 105.) When no response was filed to the motion to withdraw,[3] it granted as unopposed by the undersigned on May 27, 2026. (Doc. 108.)

The undersigned subsequently set this case for an additional in-person status and scheduling conference on June 25, 2026; the Court abstained from deciding the present motion until it could be addressed at that conference.[4] (*Id.*) Both Plaintiffs appeared at this conference. Plaintiff

---

[1] This amount was not originally supported by an affidavit or exhibits to the motion. Defendants have since submitted an affidavit along with itemized billing statements establishing the attorneys' fees amount. (Doc. 113.)

[2] In order to maintain client confidentiality, McMaster did not identify with which of his clients he had this communication.

[3] The present motion (Doc. 102) and McMaster's subsequently-filed motion to withdraw filed (Doc. 105) were served on Plaintiff Jesse Adams by certified mail on April 30, 2026. It was ultimately served on Plaintiff Jayme Lewis on May 11, 2026, when she acknowledged receipt of the motions by electronic mail to her then-counsel. (See Doc. 105.)

[4] The Court also extended the deadline for Plaintiffs to respond to the present motion to allow any newly-entered attorney the opportunity to brief the relevant factual and legal issues.

Administrator was represented by her new counsel of record William Dunn.  Plaintiff Jesse Adams represented himself *pro se.*  The present motion was briefly addressed during that conference.[5]

## ANALYSIS

**A.      Legal Standard.**

The local rules for the District of Kansas authorize the Court refer a case to mediation.  *See* D. Kan. Rule 16.3(c).  Once a case has been referred to mediation, this Rule mandates "[a]ttendance by a party or its representative with settlement authority ... unless the court orders otherwise."  D. Kan. Rule 16.3(c)(2).

As discussed above, the Scheduling Order in this case originally required mediation to occur in June 2024, but this deadline was ultimately changed to March 27, 2026.  (Doc. 23, at 3; Doc. 94, text Order extending mediation deadline.)  It is well-established in this District that a party failing to comply with a scheduling order, including a court order to mediate, may face sanctions pursuant to Fed. R. Civ. P. 16(f).  *See* D. Kan. Rule 16.3(c)(5) (providing for sanctions under Fed. R. Civ. P. 16(f)) and Fed. R. Civ. P. 16(f)(1)(C) (providing for sanctions for failing to obey a scheduling order); *Turner v. Young*, 205 F.R.D. 592, 595 (D. Kan. 2002) (holding that the failure of a representative with settlement authority to attend mediation exhibits "a lack of good faith, and could warrant sanctions under Fed. R. Civ. P. 16(f)"); *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").

Federal Rule of Civil Procedure 16(f)(1) authorizes the Court to enter certain sanctions as set forth in Federal Rule 37.  The Rules also require that the Court must "order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other

---

[5] During the conference, *pro se* Plaintiff Jesse Adams stated that he had no comment as to the motion for sanctions.

circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added). *See also Anderson v. GMRI, Inc.*, No. 19-2769, 2020 WL 6262190, at *2-3 (D. Kan. Oct. 23, 2020) (citing *Williamson v. Metro. Prop. & Cas. Ins. Co.*, No. CIV 15-0958 JHR/LF, 2018 WL 3421327, at *4 (D.N.M. July 13, 2018) (holding that an award of sanctions is mandatory in the absence of substantial justification or a finding that other circumstances make an award unjust)).

The Tenth Circuit has held that "[t]he purpose of this provision is two-fold: (1) to insure efficient case management and disposition and (2) to compensate opposing parties for the inconvenience and expense resulting from an adversary's noncompliance with these objectives." *G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 831 (10th Cir. 1990). The Tenth Circuit has also held that courts have broad discretion under Rule 16(f) to "use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Matter of Sanction of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (*en banc*).

**B.    No Substantial Justification or "Other Circumstances."**

The Court finds that there is no evidence that Plaintiffs' failure to attend was justified – substantially or otherwise. In the Administrator's response that was ultimately filed by counsel William Dunn, it is argued that she

> was never informed that attendance at the subject mediation was an order of the court. Her understanding was that her attorney was attempting to arrange mediation. She had informed her attorney that, given the previous actions of Defendants, she was not interested in mediation and would not attend any mediation. It is her understanding that any commitment by her to compromise the captioned case would require approval by the Woodson County District Court judge presiding over the pending probate case in that jurisdiction.

6

(Doc. 110, at 1.)  Administrator continues that "[e]ven had she been in attendance at the mediation, [she] would have lacked authority to make a binding response to the offer without approval by the probate court."  (*Id.*, at 2.)

The Court is unpersuaded by Administrator's position.  The Scheduling Order in this case is clearly titled as such – an Order.  It explicitly mandates that "mediation is ordered[.]"  (Doc. 23, at 3.)  Administrator was also informed of the mediation by letter from Mr. Schmisseur, wherein he indicated that "persons with full settlement authority [will] attend," per D. Kan. Rule 16.3(c)(2).  Her then-counsel Kevin McMaster specifically attested to the Court that he informed both Plaintiffs of the mediation.  Finally, four days before the mediation, McMaster requested a delayed start to accommodate Plaintiffs.  This provides context that Defendants and the mediator were justified in thinking Plaintiffs would attend.

Nothing about the record before the Court substantiates Administrator's self-serving assertions that she had no idea mediation was ordered by the Court or that her attendance was required.  To the contrary, the record presented to the Court establishes that Plaintiffs had fair notice of the mediation, led others to believe that they planned to attend, and then did not show up. Defendants, counsel for both parties, and the mediator all appeared and waited while Plaintiffs "did not even extend to them the courtesy of telling them [they were] not coming."  *Anderson*, 2020 WL 6262190, at *3 (citing *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (upholding district court's Rule 16 sanctions where plaintiff's representative, who was suffering from an "incapacitating headache," failed to attend mediation and failed to notify the parties beforehand)).

## C.    Reasonable Expenses.

"To determine reasonable attorney fees, the court multiplies hours counsel reasonably spent by a reasonable hourly rate."  *Anderson*, 2020 WL 6262190, at *5 (imposing sanctions for failure to

appear at mediation) (citing *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005) (calculating reasonable attorney's fees for a party prevailing on an ADA claim)). "The proper procedure for determining a reasonable attorneys' fee is to arrive at a lodestar figure by multiplying the hours … counsel reasonably spent on the [task] by a reasonable hourly rate" *Praseuth*, 406 F.3d at 1257) (citation omitted). The party requesting fees "should exercise billing judgment with respect to the number of hours worked and billed." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). "Billing judgment consists of winnowing hours actually expended down to hours reasonably expended." *Id.* (citation omitted).

In the present matter, defense counsel has provided substantiation for the legal fees in the amount of $6,497.50 incurred "for time spent preparing for the mediation, including drafting a confidential mediation submission, communicating with Defendants, opposing counsel, and mediator Robert Schmisseur regarding the mediation, researching legal issues expected to be addressed at the mediation, and attending the mediation." (Doc. 102, at 3; Doc. 113.) The party requesting attorney fees has the burden to establish that the time spent on the mediation and the appropriate hourly rates. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000).

As to the hourly rate, "[t]he focus must be on the 'prevailing market rate in the relevant community.'" *Id.* (quoting *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998)). Based on the submitted affidavit, defense counsel's hourly rate equates to $435 an hour. (See Doc. 113.) This District approved a $400 hour rate for an experienced Wichita attorney almost a decade ago. *See Schoonover v. Colvin*, No. 12-1469-JAR, 2016 WL 7242512, at *2 (D. Kan. Dec. 15, 2016) (reducing the requested hourly rate from $511.32 to $400). The Court thus finds counsel's hourly rate to be reasonable.

The Court is also satisfied that approximately 15 hours billed by defense counsel relating to preparation for, travel to, and participation at the mediation is reasonable. *See Bryant v. Westlake Mngt. Servs., Inc.*, No. 21-1058-JAR-ADM, 2021 4819423, at *5 (D. Kan. Oct. 15, 2021) (finding eight hours spent preparing for, traveling to, and attending mediation to be reasonable). The Court thus directs Plaintiffs to pay $6,497.50 to Defendants for their reasonable attorneys fees.

Defendants seek $3,715.31 "for travel, lodging, and meals to attend mediation." (Doc. 102, at 3; Doc. 102-4.) As discussed above, this District requires that each "party or its representative with settlement authority" is required to attend mediation. *See* D. Kan. Rule 16.3(c)(2). "'Attendance' means to appear in person and participate directly, not to stand by or participate by telephone." *Turner*, 205 F.R.D. at 595. In this case, Defendants were required to appear as the individuals with settlement authority.

Relying on D. Kan. 16.3(c)(2), courts in this District have held that travel expenses for the attending party's representative are validly-imposed sanctions for non-attendance at a mediation. *Anderson v. GMRI, Inc.*, No. 19-2769-KHV-ADM, 2020 WL 6262190, at *5 (D. Kan. Oct. 23, 2020). Having reviewed the expenses submitted by Defendants, the Court finds, however, that Plaintiffs should not be taxed with travel expenses for Defendants' spouses. (*See* Doc. 102-4.) Defense counsel is ordered to submit a supplemental affidavit removing any costs relating to airline tickets or meals for Defendants' spouses.

Defendants also seek $2,493.25 for the professional time of the mediator and his costs in preparing for, traveling to, and attending mediation. (*Id.*; Doc. 102-5.) The *Anderson* decision also found that "reimbursement for the mediator's fee, hotel room, rental car, fuel, [and] parking" were reasonable expenses to include as sanctions. 2020 WL 6262190, at *5. This Court agrees and awards those expenses herein as sanctions in the amount of 2,493.25.

The Court thus **GRANTS in part** the Motion for Sanctions filed by Defendants Staci LeAnn Fruth and Skip O'Dell Adams.  (Doc. 102.)  The Court therefore orders Plaintiffs to jointly pay reasonable expenses to Defendants in the amount of **$8,990.75 for attorneys' fees and mediator fees**.  Defendants are instructed to submit a supplemental affidavit relating to their travel expenses as set forth above.  This affidavit shall be submitted to the Court **on or before July 22, 2026**.

**IT IS SO ORDERED**.

Dated July 15, 2026, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge